# CONTINUATION OF APPLICATION FOR SEARCH WARRANT

I, Andrew Holt, being duly sworn, depose and state the following:

**I.     Introduction**

1. I make this continuation as part of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – two cellular telephones, as described in Attachment A – that are currently in the possession of law enforcement, and the extraction of electronically stored information from that property as described in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") have been so employed since March 2007. Upon being hired by ATF, I completed twelve weeks of Criminal Investigative Training and fourteen weeks of Special Agent Basic Training. My responsibilities include the investigation of criminal violations of Titles 18 and 21 of the United States Code. I am currently assigned to the ATF Field Office in Grand Rapids, Michigan.

3. I have experience in the investigation, apprehension, and prosecution of individuals involved in federal criminal offenses, including the illegal possession of firearms, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

4. Additionally, I have been the affiant for many federal search warrants and have assisted other state and local agencies, as well as Assistant United States Attorneys, in the preparation of affidavits for search warrants. I have directed and participated in the execution of many search warrants relative to investigations of Title 18 and Title 21 of the United States Code. Evidence seized pursuant to these search warrants includes, but is not limited to, firearms,

ammunition, controlled substances, drug proceeds, cellular telephones, computers, documents, and records pertaining to the manufacture, possession, and distribution of controlled substances, and proceeds derived from the sale of controlled substances. Further, I have conducted and participated in several firearms investigations that have involved illegal firearm possessors and traffickers utilizing cellular telephones to communicate about illegal firearms transactions and related activities.

5. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other agents, officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. I respectfully submit that there is probable cause to believe that evidence of a violation of 18 U.S.C. § 922(j) will be found on the cell phones described in Attachment A.

## II. Identification of Device to Be Examined

7. The property to be searched is a red Apple iPhone and a black Apple iPhone hereinafter the "Target Cellular Devices."  The Target Cellular Devices are currently located at the Grand Rapids Police Department, 1 Monroe Center, Grand Rapids, MI 49503, and is being held under incident number 20-070001.

8. The applied-for warrant would authorize the forensic examination of the Target Cellular Devices for the purpose of identifying electronically stored data, further described in Attachment B.

## III. Probable Cause

9. On October 26, 2020, the Kalamazoo County Sheriff's Department responded to an alarm at D&R Sports (Federal Firearms Licensee) located in Kalamazoo, Michigan.  Upon

arrival, deputies observed the glass front door was broken. A review of the security cameras revealed that nine individuals broke into the store and stole multiple handguns.

10. On this same date, a firearms inventory was completed at D&R Sports, and it was determined that 48 handguns were stolen.

11. On November 22, 2020, Central Dispatch advised the Holland Police Department that the Grand Rapids Police Department and Kentwood Sheriff's Department were following a stolen Jeep Commander and Chevrolet Malibu. Central Dispatch was able to gather the location of the stolen Chevrolet Malibu through the vehicles On-Star Navigation system.

12. Holland Police Officer Rathjen eventually requested that Central Dispatch activate the shutdown of the Chevrolet Malibu with On-Star Navigation after witnessing the vehicle driving recklessly. The shutdown was activated and officers observed two males exit the driver and passenger side of the vehicle and take off running. Officers from the Holland Police Department pursued the subjects and apprehended DESHUANE HANDCOCK and KYESHAUN HUNNICUTT.

13. DESHUANE HANDCOCK was searched and officers located a stainless steel 9mm handgun magazine and one of the Target Cellular Devices (black Apple iPhone) on his person. Officers subsequently retraced the route of the foot chase and located a loaded Springfield Hellcat, 9mm pistol bearing serial number BY386950 and the other Target Cellular Device (red Apple iPhone).

14. KYESHAUN HUNNICUTT was also searched and officers located a loaded Springfield Hellcat, 9mm pistol bearing serial number BY394087 on his person.

15.     On this same date, the Holland Police Department queried the firearms through the Law Enforcement Information Network, which revealed that the firearms were reported stolen on October 26, 2020 from D&R Sports in Kalamazoo, Michigan.

16.     On November 23, 2020, both of the Target Cellular Devices were turned over to the Grand Rapids Police Department under investigation number 20-070001.

17.     On November 24, 2020, HANDCOCK contacted the Grand Rapids Police Department requesting the return of the Target Cellular Devices.

18.     Based upon my training and experience, I know that individuals in possession of firearms tend to keep firearms on their person and/or also tend to store firearms at places where they are physically present, including their residence(s) or residences of their close associates. I am also aware that individuals who possess firearms also possess other items associated with their firearms including ammunition, magazines, holsters, cases and records indicating purchase, use, maintenance or sale of such items.  I am also aware that individuals who possess firearms frequently possess photographs, films or videotapes of themselves in possession of the firearms.

19.     I further know from my training and experience that individuals in possession of firearms tend to keep them for extended periods of time.

20.     I further know from my training and experience that individuals who possess stolen firearms may seek to sell some of their ill-gotten gains immediately, but that they also frequently keep one or more of the stolen firearms for their own personal use.  Additionally, I know that these individuals tend to hide the stolen guns in stash locations, their residence(s), or other locations that they then frequently return to in the weeks following their acquisition of the stolen firearms.

21.     I further know from my training and experience that individuals who are seeking to sell firearms, particularly those obtained illegally, regularly use their cellular telephone to facilitate

those sales, including posting pictures, videos, and other materials related to the firearms to social media accounts and by sending that information to potential customers and other associates.

### IV.     Electronic Storage and Forensic Analysis

22.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

      a.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Target Cellular Devices because:

           i.     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

           ii.     Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

           iii.     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    iv. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    v. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

  b. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Target Cellular Devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

  c. *Manner of execution.* Because this warrant seeks only permission to examine the Device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

-7-

## VI.   Conclusion

23.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Target Cellular Devices described in Attachment A to seek the items described in Attachment B.